UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-22-337-G |
| | ) |
| DAVID ANICETO PUENTES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Defendant David Aniceto Puentes' pro se Motion for Reduction of Sentence (Doc. No. 45), seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines ("USSG").[1] The United States Probation Office has submitted a Preliminary Report (Doc. No. 47) recommending that the Defendant is ineligible for sentencing relief.

I.   Background

On May 26, 2023, the Court sentenced Defendant after a guilty plea to one count of possession of cocaine with intent to distribute in violation of 18 U.S.C. § 841(a)(1). At sentencing, the Court adopted the Final Presentence Investigation Report ("PSR," Doc. No. 38), which determined that Defendant's criminal history score was one. *See* PSR ¶¶ 45-46; Statement of Reasons (Doc. No. 43) at 1. This criminal history score established a criminal history category of I. *See* PSR ¶ 46 (citing USSG ch. 5, pt. A).

---

[1] Following submission of the Motion, Assistant Federal Public Defender Laura Deskin entered an appearance in this matter pursuant to General Order No. 23-6 (W.D. Okla. Nov. 1, 2023). *See* Doc. No. 46.

Based upon this criminal history category, together with a total offense level of 21, the Guidelines range was 37 to 46 months' imprisonment. *See id.* ¶ 72; USSG ch. 5, pt. A. The Court sentenced Defendant to 46 months' imprisonment with three years of supervised release. *See* J. (Doc. No. 42) at 2.

## II.   Standard of Review

A federal court generally may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2), however, as Congress has authorized the reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

## III.   Discussion

Defendant seeks application of "the new 2 point Sentence Guideline Reduction" pursuant to Amendment 821 to the USSG. *See* Def.'s Mot. Reduction of Sentence at 2.

Amendment 821 took effect on November 1, 2023, and applies retroactively. *See* USSG, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited July 10, 2024); USSG § 1B1.10(d).

The Amendment sets forth two potentially applicable provisions. Part A of Amendment 821 changes the computation of criminal history points that are added if the defendant committed the offense "while under any criminal justice sentence"—i.e., "status points." USSG § 4A1.1(e) (2023).

> Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a "defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

*United States v. Corral-Estrada*, No. 3:14-cr-00088, 2024 WL 1554203, at *2 (D. Nev. Apr. 9, 2024). Defendant, however, was not determined to have committed the offense of conviction while under a criminal justice sentence and thus did not receive any "status points." *See* PSR ¶¶ 45-46, 89. This change does not apply to Defendant.

Part B, Subpart 1 of Amendment 821 ("Zero-Point Offenders") applies to defendants with zero criminal history points who meet ten specified criteria and works to reduce the guideline range for those defendants by two offense levels. *See* USSG § 4C1.1 (eff. Nov. 1, 2023). As noted, Defendant received one criminal history point, not "zero," at sentencing. *See* PSR ¶¶ 45-46. This change does not apply to Defendant.

Because the changes to the sentencing guideline calculations reflected in Amendment 821 do not "have the effect of lowering [Defendant's] applicable guideline range," "[a] reduction in [Defendant's] term of imprisonment is not consistent with [USSG § 1B1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." USSG § 1B1.10(a)(2)(B). Defendant is not eligible for a § 3582(c)(2) sentence reduction. *See id.*; 18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 826; *Corral-Estrada*, 2024 WL 1554203, at *2.

## CONCLUSION

Defendant's Motion for Reduction of Sentence (Doc. No. 45) therefore is DENIED.

Assistant Federal Public Defender Laura Deskin is hereby authorized to seek withdrawal from this case as contemplated by General Order No. 23-6.

IT IS SO ORDERED this 7th day of November, 2024.

_____
CHARLES B. GOODWIN
United States District Judge